WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Conrado Valenzuela-Garcia, | ) | |
| Petitioner, | ) | CV 11-0581 TUC-DCB |
| v. | ) | CR 10-1410 TUC-DCB |
| United States of America, | ) | |
| Respondent. | ) | **ORDER** |

On September 13, 2011, the Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. Petitioner alleges his attorney promised him a 4-month sentence, and he received 14 months. He asks the Court to send him to a half-way house because he is 71-years old, and his wife is sick. The Court construed the Petition as a claim of ineffective assistance of counsel and called for a Response, which the Government filed on November 29, 2011.

**A.    Conviction and Sentence**

On January 26, 2011, visiting Judge Linda R. Reade sentenced Petitioner after he pled guilty, without the benefit of a plea agreement, to attempted transportation of illegal aliens for profit in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). The Court sentenced Petitioner to 14 months in prison, followed by 3 years of supervised release on counts one and two to run concurrently. Defendant was indicted on two counts because

he attempted to transport two illegal aliens for profit. (Doc. 43: Judgment and Commitment)[1]

At the sentencing hearing, the Defendant agreed to waive his right to appeal and right to collaterally attack his sentence and conviction in exchange for the benefit of the Government making a motion to grant the Defendant three points for acceptance of responsibility. This agreement reduced the guideline sentencing range applicable in the case from 12 to 18 months to 10 to 16 months.

The Court has reviewed the transcript of record for the sentencing hearing. The transcript reflects the Court asked the Defendant: "You don't have to give up your rights to appeal. It's totally up to you. Do you want to give up your rights to appeal and thereby qualify for a lower sentence under the advisory guidelines?" (Doc. 50: Transcript of Record (TR) at 6-7.) Defendant replied: "Yes, of course. With pleasure." *Id.* at 7.

Petitioner's attorney asked for home confinement because of Defendant's age, his life-time of being a law-abiding and hard-working citizen, his ill health, his wife's ill health, and because extenuating financial circumstances had caused him to commit the criminal offense. The Government asked for a sentence in the middle of the range.

The Court sentenced the Defendant to 14 months, which was one month above 13 months, the middle of the applicable 10 to 16 month guideline sentencing range. Without the three points, the middle of the higher 12 to 18 month guideline sentencing range would have been 15 months and, if the sentencing Court followed the same logic, the sentence would have been 16 months in prison.

In response to the Defendant's request for home confinement, the sentencing Court said: "I am not going to give him home confinement. I would, were the circumstances different. But he has earned this sentence by virtue of his conduct, and the Court feels that a term of imprisonment is appropriate and is sufficient but not – is sufficient but not longer than necessary to achieve the goals of sentencing." *Id.* At 19.

---

[1]The document numbers refer to the Clerk's record in CR 10-1410 TUC DCB.

The sentencing Court found the aggravating sentencing factors as follows: 1) Defendant had been previously caught transporting illegal aliens, but not prosecuted because the individuals being transported then did not make any statements incriminating him, and 2) he resisted the Border Patrol agent until she pepper sprayed him.

**B.      28 U.S.C. § 2255: Plea and Waiver of Right to Appeal**.

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

The Supreme Court enunciated the standards for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's assistance at trial was ineffective in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the defendant must show that, considering all the circumstances, counsel's performance

3

fell below an objective standard of reasonableness. *Id.* at 687-88. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 688-90.  Second, the defendant must affirmatively prove prejudice. *Id.* at 691-92.  He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*  In other words, to prevail on a claim of ineffective assistance, the Petitioner must show both that his counsel's performance was deficient and that this prejudiced his case.  *Strickland*, 466 U.S. at 688.

Where a defendant pleads guilty, he can only complain that his attorney was ineffective in some way that affected the voluntariness of his plea, which would include pleading guilty in reliance on his attorney's "gross mischaracterization" of the likely outcome of his case. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds*, *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).  Misrepresentation or an erroneous prediction concerning sentencing does not entitle a defendant to challenge his guilty plea.  *Id.*, *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994).  Where the plea is binding, the only claim that cannot be waived is that the waiver itself was not knowing or voluntary, including a claim that ineffective assistance of counsel rendered the waiver involuntary. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014.

None of Petitioner's claims fit these exceptions.  The record reflects that his attorney argued for a lower sentence, which the Court recognized as a possibility but refused it because of her evaluation of the Defendant's conduct.  The difference between 14 months and 4 months is not a gross mischaracterization of the possible outcome given the Defendant's conduct.  Petitioner does not otherwise challenge the voluntariness of his

guilty plea or the waiver of his appeal rights. Petitioner's challenge is aimed at the Court's sentence.

**C.    Conclusion**

A review of the record reflects that the Petitioner was informed of and understood the ramifications of his plea of guilty and waiver of his appeal rights, and he voluntarily and knowingly agreed to plead guilty and to waive of his appeal rights. Petitioner expressly waived his right to challenge his sentence by filing a Petition under 28 U.S.C. § 2255, which bars this action.

A hearing shall not be granted because the Petitioner's allegations, when viewed against the record, do not state a claim for relief and are so patently frivolous as a matter of law as to warrant summary dismissal. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1985).

**Accordingly,**

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 47) filed in CR 10-1410 TUC DCB and (Doc. 1) filed in CV 11-581 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that civil case number CV 11-581 TUC-DCB is DISMISSED with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED**, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 6th day of April, 2012.

David C. Bury
United States District Judge